```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
JARED LOUIS KEEN,                      1:18-cv-00784-NLH-JS

              Plaintiff,               OPINION

       v.

UNITED STATES GOVERNMENT,
ATTORNEY GENERAL SESSIONS,
FEDERAL COURT EMPLOYEES
CAMDEN, CLERK OF COURT
WILLIAM T. WALSH, and HON.
NANCY HODGES,

              Defendants.
```

**APPEARANCES:**

JARED LOUIS KEEN
307 MCCLELLAN RD.
EGG HARBOR TWP., NJ 08234
    Appearing pro se

ANNE B. TAYLOR
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
401 MARKET STREET, 4TH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101
    On behalf of Defendants

**HILLMAN, District Judge**

   Plaintiff, Jared Louis Keen, appearing pro se, filed a complaint in New Jersey Superior Court against the United States Government, the U.S. Attorney General, employees of this Court's Clerk's Office, and a person to whom he attaches an honorific but is otherwise unidentified.  The United States removed

Plaintiff's case to this court pursuant to 28 U.S.C. § 1442(a)(1).[1]

Plaintiff's state court complaint, filed on December 1, 2017,[2] appears to arise from another case brought by Plaintiff in this District on August 15, 2017.  See <u>Keen V. United States Government Agency</u>, 1:17-cv-06156-NLH-JS.  Plaintiff attached the filings in his federal case as exhibits to his state court complaint, and Plaintiff appears to claim that he paid his $400 filing fee for his federal case but, as best the Court can decipher from his almost unintelligible handwriting, this Court and the individual court employees have failed to adjudicate his federal case.

Plaintiff's earlier case is no longer pending.  On January 30, 2018, this Court dismissed Plaintiff's earlier filed federal case.  The Court found that (1) Plaintiff failed to state this Court's subject matter jurisdiction over his action; (2) Plaintiff failed to state a specific legal basis for his claims

---

[1] 28 U.S.C. § 1442(a)(1) provides that a civil action commenced in a state court against the United States may be removed by it to the district court for the district and division embracing the place where it is pending.  To the extent that 28 U.S.C. § 1446 allows only defendants who have been served, or who have waived service, to remove we view the motion of dismiss here to be an implied waiver of service.

[2] The United States relates that Plaintiff's complaint was not served in compliance the Federal Rules of Civil Procedure, but the action was removed within 30 days after receipt of the physical complaint.  See 28 U.S.C. § 1446(b)(1).

2

- he requested the return of his $400 filing fee and damages in the amount of $420,000 because he was not provided with a paralegal to assist him, he was not provided a hearing date, and he was not permitted to speak to the Clerk of the Court - but he failed to specify whether his claims sounded, for example, in contract or tort, and he also failed to specify what laws Defendants allegedly violated, which was necessary to establish subject matter jurisdiction, and (3) on that same basis, Plaintiff's amended complaint failed to comply with Fed. R. Civ. P. 8(a), and the pleading standards required by Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). See Civil Action 1:17-6156, Docket No. 13. The Court provided Plaintiff with 20 days to move to reopen his case, attaching to any such motion a proposed second amended complaint which addressed the deficiencies of the original and amended complaint as set forth by the Court. Plaintiff did not do so.

Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's instant case for his failure to state any cognizable claims.[3] The Court agrees that Plaintiff has not asserted any viable claims.[4]

---

[3] Plaintiff has not opposed Defendants' motion.

[4] The Court has reviewed Plaintiff's pro se complaint here under the same standards as it reviewed his other complaint. See

3

The sole gravamen of Plaintiff's state court complaint, now before this Court, appears to request action in his federal case. The deficiency of this claim is the same as the deficiencies this Court found in his other case – namely, the lack of a legal basis for his claims[5] and the failure to comply with Fed. R. Civ. P. 8(a), Bell Atlantic v. Twombly, 550 U.S. 544, 563 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).[6] To the extent that the remainder of Plaintiff's current

---

Estelle v. Gamble, 429 U.S. 97, 107 (1976) (directing that pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant).

[5] If Plaintiff had provided a legal basis for his request that the Court take action in his federal case, such a claim would now be moot.

[6] It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before

4

case is a duplicate of his prior case, those claims fail for the same reasons as the other case.

The Court will therefore grant Defendants' motion to dismiss Plaintiff's complaint. An appropriate Order will be entered.[7]

Date: May 14, 2018
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

Twombly.").

[7] Because (1) Plaintiff's complaint seeks the same relief as his other case, (2) Plaintiff failed to file a motion for leave to file an amended complaint in that case, which was due on February 19, 2018 and during the pendency of Defendants' motion to dismiss in this case, and (3) Plaintiff did not file an opposition to Defendants' motion to dismiss, the Court finds that providing Plaintiff with another opportunity to move to amend would be futile, even if Plaintiff had intended to assert civil rights claims. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (stating that Third Circuit case law "supports the notion that in civil rights cases district courts must offer amendment - irrespective of whether it is requested - when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

5